The following is so much of the case on appeal as is necessary to present the grounds of the defendant's exceptions:
The prosecutrix, one Mrs. Annie McClure, testified in substance, that the defendant was abusing and cursing his wife; that they (the *Page 536 
defendant and his wife) were running towards her, and when within a short distance of where she was, about forty steps from the public road, the defendant halted and turned towards her and said: "Yes, there is another d____d negro whore who will go to town tomorrow and get out another warrant against me." That the defendant cursed here and called her a whore. The language was in a loud tone of voice and could have been heard a long ways off. Defendant's wife was a short distance off. The presecutrix [prosecutrix] also testified that she was an innocent woman and never had illicit intercourse with any man.
On the cross-examination the defendant's counsel asked the witness "if she did not tell one H. L. Hunter (when on a visit to her (691) house at a certain time), while talking to him about this occurrence, that the defendant had called her a negro, and upon being told by said Hunter that it was not an indictable offense to call a woman a negro because it was not slander according to law, and she then told Hunter that the defendant had called her a whore; and furthermore, in the same conversation with said Hunter, did she not speak of some former prosecutions against the defendant, J. F. Shoemaker, saying that her object was to drive him from the neighborhood, and saying, `I think that we willdown him this time?'"
To this interrogatory the prosecutrix answered that she "had never had any such conversation with Hunter; that it was true, however, that Hunter did make a visit to her house at that time, and that he tried to `pick' her and other members of the family about a suit which he had against the Plummers, and he talked a good deal about the suit and the Plummers, and advised us to break with the Plummers; but he said nothing in my hearing about this occurrence with the defendant, Shoemaker, although he might have talked about it to other members of the family without my hearing him. Ideny that he had any such conversation with me."
H. L. Hunter was introduced by the defendant, and testified that a few days prior to the August Term of the court he visited the house where the prosecutrix, Annie McClure, lives, and that in a conversation between them, which was relative to this difficulty between her and the defendant, Shoemaker, she said to him that Shoemaker called her a negro, and the witness then told her that did not amount to slander and was not indictable, and she then said to the witness that the defendant had called her a whore. She went on to speak of some former prosecutions against the defendant which she said had failed, and then said "she thought they woulddown him this time, and she wanted to drive him out of the neighborhood." *Page 537 
On the cross-examination the witness testified that he did have (692) something to say about the Plummers in that same conversation with the prosecutrix, but he denied that he advised her to break with the Plummers, and that he had said they were a bad people.
The defendant himself and one John Lytle testified, and their evidence tended to contradict the prosecutrix.
After the close of the defendant's testimony the State resumed the examination of witnesses, and recalled Mrs. Annie McClure, who testified that she did not have any conversation with the defendant's witness Hunter, at the time spoken of by him, or at any other time, relative to the difficulty between her and the defendant Shoemaker; that nothing was said between them about the language which Shoemaker had applied to her. The solicitor for the State then asked the witness what was the conversation between her and the witness Hunter at the same time and place about the Plummers. This question was objected to by the defendant's counsel, and admitted by the court, and the defendant's counsel excepted. The witness answered, that in the conversation referred to, the witness Hunter tried to "pick" her with regard to a suit he had with the Plummers, and also that he advised her to break with the Plummers and cut their acquaintance, as they were not proper persons to associate with.
Two witnesses testified that the character of the prosecutrix, Mrs. Annie McClure, is good, and two witnesses testified that the character of the defendant Shoemaker is bad, and two witnesses testified that the character of the witness H. D. Hunter is good.
The following prayer for instruction was offered and asked for by the defendant's counsel, viz.: "That even taking the testimony of allthe State's witnesses to be true, no case has been proved within themeaning of the statute, and that the defendant is entitled to anacquittal; that, in order to make a case, it must be shown that (693)the language must have been heard by some third person."
This prayer for instruction, taken as a whole, was refused by the court, although the defendant was given the benefit of the concluding proposition of the prayer; that is to say, that the language used by the defendant must have been heard by some third person in order to constitute a case of guilt.
The counsel for the defendant excepted to this ruling of the court.
The court instructed the jury on the law (in substance), that the statute controlling this case was intended for the protection of innocent females only; that an innocent woman, within the purview of the statute, is a woman who has never had illicit sexual intercourse with a man; that it devolved upon the State to establish the fact of the innocency of *Page 538 
the woman whose character is alleged to have been slandered by the defendant to the satisfaction of the jury and beyond any reasonable doubt. (The court here recapitulated the testimony in the case bearing upon the character of Mrs. Annie McClure, the prosecutrix.) The court furthermore instructed the jury that the language charged, or alleged to have been used by the defendant in this and all similar cases, must be such as to amount to a charge of incontinency.
The court, after recapitulating all the testimony in the case, instructed the jury that if "they were convinced beyond a reasonable doubt that the prosecutrix is an innocent woman, and furthermore that the prosecutrix had sworn to the truth; that at the time and place described by her the defendant had called her a `damned negro whore' in the presence of a third person (his wife), that this language amounted to a charge of incontinency, and they ought to convict the defendant; but that the jury must be satisfied beyond a reasonable doubt on both of these issues before they could convict. Is the prosecutrix an (694) innocent woman? If so, did the defendant call her a damned negro whore, as she has testified? That the defendant had testified that he did not say anything of an insulting nature on the occasion in question to the prosecutrix, but that he did answer back to a negro woman (as he supposed) that she was a `damned black bitch.'
He denies this charge.
The defendant is an interested witness. The law does not say, however, that an interested witness must not be believed, but it does say that the jury must scrutinize his testimony with greater severity, for the reason that he is an interested witness, than they would otherwise do; that being an interested witness his testimony does not stand on the same high and unsuspicious level or plane where otherwise it might stand."
On motion of defendant's counsel, a motion for a venire de novo was entered.
The counsel for the defendant submitted a motion for a new trial, based upon the following reasons, viz.:
1. Because the court erred in admitting the testimony of the State's witness, Annie McClure, in that she was allowed to state the conversation which was held between her and the defendant's witness, H. L. Hunter (as she alleges) relative to cutting the acquaintance of and breaking off with the Plummer family, which was objected to by the defendant's counsel.
2. Because the court erred in refusing the prayer for instruction as hereinbefore set forth and offered by the defendant's counsel; and because of the erroneous charge as given by the court.
There was a verdict of guilty, judgment, and appeal by the defendant. *Page 539 
(695)
1. The admission of the testimony of the prosecutrix in regard to the conversation with Hunter, and what was said about the suit with the Plummers, is the ground of the first exception. This evidence first came out, without objection, upon the cross-examination of the witness by the defendant, and thereafter, Hunter, a witness for the defendant, was examined in relation thereto without objection. We do not see how what was said in relation to the suit with the Plummers was in any way material to or could affect the issue before the jury, and, if material upon the reexamination of the witness, Annie McClure, it was rendered so by what was said by her without objection, on cross-examination, and by the contradiction thereof by the witness Hunter. In this aspect of the case she had a right to explain, and thereby corroborate her own testimony. S. v.Whitfield, 92 N.C. 831. But if not competent for the purpose of explanation and corroboration, it was immaterial, and could in no way prejudice the defendant in the minds of the jury. The admission of immaterial evidence is not a ground for a new trial, unless it appears that its admission probably worked injury to the appellant. Waggoner v. Ball,95 N.C. 323.
2. There was no error in refusing to give the first part of the prayer for instructions asked by the defendant. The words spoken, as will be seen by reference to any dictionary, unquestionably "amount to a charge of incontinency," and if the witness Annie McClure is to be believed, she was a chaste woman, and the evidence as to her general reputation was competent to support her testimony. It is insisted by counsel for defendant that the charge of his Honor is "obnoxious to the objection that it violated the act of 1896 in arraying the testimony against the defendant." It is stated that the court recapitulated "all the testimony in the case," and if any favorable to the defendant (696) was omitted, attention should have been called to it by counsel.
It is further insisted for the defendant that the "legal entity" of the wife being merged, "husband and wife are one person," and, therefore, words spoken by the husband in the presence of the wife are protected, and "assuming that the supposed defamatory words were spoken in the hearing of a third person," the wife is not such a person within the meaning of the law, and if she was such a third person the fact that she was "a short distance off" is not sufficient to prove that she heard the defamatory words. We are unable to see the force of this objection. The words spoken were not of a gentle and confidential character, between husband and wife, but spoken in a loud tone which could have *Page 540 
been heard a long way off, and besides, it appears from the testimony on behalf of the defendant that a negro woman was near, and that the witness John Lytle was in hearing, though he testified that the language used by the defendant was different from that charged by the prosecutrix. There is no error in refusing to charge the jury as requested or in the charge as given.
Affirmed.
Cited: Strother v. R. R., 123 N.C. 199; S. v. Pitts, 177 N.C. 545.
(697)