THE STATE v. COON ELLER, et al.

*Larceny—Evidence, Sufficient to Support Verdict.*

1. Evidence that one of the defendants charged with a larceny committed by breaking into a store at night and taking goods therefrom, had, two years prior to the taking, entered into conspiracy with the other defendants to break into the store; that he had been arrested for the larceny and had forfeited his bail, and that he was related to some of the persons who were identified as the criminals, was not sufficient to warrant a verdict, and should not have been submitted to the jury.

2. But where, in addition to this evidence, there was other testimony
   tending to show that another of the defendants was related to
   those who were identified as the thieves ; that he resided in their
   neighborhood ; that shortly after the larceny several persons
   were discovered at night coming away from a place where had
   been concealed the stolen property, and one witness recognized
   the defendant in the party, all of whom ran when hailed: *Held*,
   there was some evidence to convict defendant, and it was proper
   to submit it to the jury.

3. A new trial will not be awarded for the admission of irrelevant or
   immaterial testimony where it does not appear that the com-
   plaining party was, or might have been, prejudiced thereby.

Indictment for Larceny and Receiving, tried. before *Arm-field, J.,* at Spring Term, 1889, of WATAUGA Superior Court.

A true bill was returned against Sherman Brooks, Henry Eller, Linville Eller, Henry Brooks, Coon Eller and George Eller, but only the last two were on trial. The charge was for larceny of coffee, the property of one S. V. Cox, and for receiving it, knowing it to have been stolen.

It was in evidence that Cox's store had been broken open and the coffee and other articles stolen ; that some of the articles having been found concealed in the woods, near the store; that, a few days after, a guard was posted on the road leading from the place of concealment, and that night five men came along the road from that direction, three of whom were carrying sacks of coffee. When halted, they dropped the coffee and ran, and a witness testified that the coffee was that which had been stolen from Cox. One of the witnesses testified that he took two of the men to be Henry Eller and Sherman Brooks, and another was a tall man, as was Linville Eller. Another witness testified that he thought he identified Coon Eller, Henry Eller and Sherman Brooks as three of the party who, when halted that night, dropped the stolen coffee and ran off. He could not identify the other two.

It was in evidence that George Eller and Coon Eller, these defendants, forfeited their bond for appearance at Court, and, when *capiases* were issued, could not be found; that, after the death of Henry Eller, who had been killed while resisting arrest, these defendants came in and surrendered themselves.

Another witness testified that, two and a half or three years before Cox's store was robbed, George Eller, Henry Eller, Linville Eller and himself had an agreement to break into that store, but he left the State soon thereafter without it being done.

It was in evidence that George Eller and Coon Eller were single men, and lived with their father, and Sherman Brooks and Linville Eller lived in their neighborhood; that Henry Eller, Linville Eller, Coon Eller and Jacob Eller were brothers. The same witness testified that Sherman Brooks was some kin to the defendants. To this last statement defendants excepted.

Another witness testified that, the day before the coffee was captured, he saw Henry Eller and Sherman Brooks going in the direction of Cox's store, and in a mile and a half of it, one having a sack and the other a rope. To this evidence the defendants excepted.

Another witness testified that, on the night the coffee was captured, he was along and recognized Sherman Brooks, Henry Eller and, he thought, Linville Eller.

At the close of the evidence, the defendants' counsel asked the Court to instruct the jury that there was not sufficient evidence to justify a verdict of guilty. The Court declined, and the defendants excepted.

The Court charged the jury that they were the sole judges of the weight of the evidence; that the acts of Henry Eller and Sherman Brooks were not to be taken as evidence against Coon Eller, but might be considered with reference to the guilt or innocence of George, if the jury believed the testi-

mony as to the former agreement between George Eller and others to rob Cox's store; otherwise, not.

To this instruction defendants excepted. Verdict of guilty. Judgment, and defendants appealed.

*The Attorney General*, for the State.
*Messrs J. F. Morphew* and *George V. Strong*, for defendants.

CLARK, J.—after stating the facts: The first exception was, that a witness was allowed to testify that defendants were kin to Sherman Brooks. At the most, this evidence was merely immaterial, and not ground of exception, unless the defendants show that they probably suffered prejudice thereby. *Livingston* v. *Dunlap*, 99 N. C., 268; *Waggoner* v. *Ball*, 95 N. C., 323; *Jones* v. *Call*, 93 N. C., 170; *Dupree* v. *Insurance Co.*, 92 N. C., 417. It was in evidence already, without exception, that the defendants were more nearly related to Henry Eller and Linville Eller. It is hard to see how the defendants could have been prejudiced or the jury misled by testimony that the defendants were "some kin" to Sherman Brooks.

As to the second exception, the Judge, in his charge, instructed the jury not to give the testimony as to Henry Eller and Sherman Brooks any weight, in passing upon the guilt or innocence of the defendant Coon Eller. Both inquiries were evidently put by the Solicitor with a view of showing, if he could, a combination between these defendants and the others, and the execution by them of a common design. The charge of the Judge cured the error as to Coon Eller, if any, in admitting them. *State* v. *Collins*, 93 N. C., 564; *Bridgers* v. *Dill*, 97 N. C., 222. The exception to the refusal to charge, and to the special charge given, raises the question whether there was sufficient evidence to submit the case to a jury. If the evidence merely raised a suspicion or conjecture of guilt, it was not legal evidence, and the

Court should have directed a verdict of not guilty.   But if the evidence, considered as a whole, could, in any just and reasonable view of it, warrant a verdict, it should have been left to the jury as the proper triers of the fact.   As to George Eller, there was no evidence, beyond the statement of one of the witnesses that some two and a half or three years before he had joined in an unexecuted agreement to rob Cox's store, and his forfeiting his bond and evasion of re-arrest in this case.   These circumstances were sufficient to raise a conjecture or suspicion, but were not, as we think, such evidence as entitled the State to have the cause as to him submitted to a jury.   *State* v. *James.* 90 N. C., 702.

As to the other defendant, Coon Eller, there was evidence tending to show that he was one of the men found carrying the stolen coffee, at night, along the road, a few days after the larceny, and that when halted by a guard his whole party dropped the coffee and ran off; that after his arrest he forfeited his bond and evaded re-arrest till after Henry Eller, one of the men identified as being with him carrying the stolen coffee, had been killed, whereupon he came in and surrendered himself; that he was a brother of Henry Eller and Linville Eller, and a neighbor of Sherman Brooks, the other three men testified to as being in possession of the stolen coffee.   There being evidence connecting the defendant Coon Eller with the transaction, its sufficiency was a matter for the jury.

As to George Eller there is error, and as to him there must be a *venire de novo*

As to Coon Eller, the judgment is affirmed.