### THE STATE v. TYNE BRUCE.

*Appeal—Assignment of Error—Evidence—Larceny.*

1. The objection that there was no evidence to go to the jury cannot be taken for the first time in the Supreme Court.

2. Where there was evidence tending to show that the prosecutor was drunk, and, in that condition, carried into a building open to the public, where he soon became unconscious, and while in that condition his pocket-book, containing currency and coin, was stolen; that the defendant and a comrade were seen in and around the building about the time of the theft; that, a short time before, defendant had no money, but soon thereafter made a deposit of a certain sum and expended more; that a pocket-book resembling the one prosecutor had lost, except the clasps, which were recently broken off, was found on defendant's person, and that his comrade had also been found in possession of a sum of money, which defendant said he had given him: *Held* to be sufficient evidence to be submitted to the jury and, if believed, to support a verdict of guilty of larceny.

INDICTMENT FOR LARCENY, tried before *Moore, J.,* at February Term, 1890, of the Criminal Court of BUNCOMBE County.

The defendant was convicted, and appealed.

The facts are sufficiently stated in the opinion.

*The Attorney General,* for the State.

*Messrs. H. A. Gudger* and *V. S. Lusk,* for defendant.

CLARK, J.: The counsel for defendant asked the Court to charge the jury that there was no evidence against him, and to return a verdict of not guilty. The refusal of the Court to so charge presents the only question for review.

"If the evidence merely raised a suspicion or conjecture of guilt, it was not legal evidence, and the Court should have directed a verdict of not guilty; but if the evidence,

considered as a whole, could, in any just and reasonable view of it, warrant a verdict, it should have been left to the jury as the proper triers of the fact." *State* v. *Eller*, 104 N. C., 853. The same principle has been settled by many cases. This Court cannot pass upon the question whether the verdict was against the weight of the evidence. That rested with the Court below, and its decision is final. Whether the evidence is sufficient to convict is for the jury, but whether there is *any* evidence sufficient to go to the jury is a question of law. This objection cannot be taken for the first time in this Court (*State* v. *Glisson*, 93 N. C., 506), but when taken, as here, in the Court below by a request to instruct the jury, an appeal lies from its refusal, and all the evidence against the defendant is presumed to be sent up.

The principles applicable are as above stated. The difficulty lies in the application of them to the evidence in any given case.

In the present case it was in evidence for the State that defendant and one John Dryman (who was also convicted on this indictment, but who has not appealed) were in and about the warehouse, in the city of Asheville, together with several others, from which the prosecutor was carried to the "camp-house" while intoxicated, and while in that condition he fell asleep, and when he woke up his pocket-book was gone, and with it a $20 bill, a $10 bill, a $5 bill and $3.50 in silver, which were in it; that both defendants were seen with prosecutor while drunk in the camp-house. The defendants were indicted for larceny of the pocket-book and money, and receiving the same knowing them to have been stolen. The pocket-book taken from Bruce's person, the prosecutor testified, resembled the one he had lost, except that the catches, or clasps, were broken off; he would not swear positively that it was his pocket-book, but thought it was his. It was also in evidence that the prosecutor lost his pocket-book about 5 P. M., and the same evening

about from 8 to 9 P. M., defendant deposited $8.50 with the clerk at a bar-room for safe-keeping; that two or three days before defendant had been fined $5 in the Mayor's Court for violation of a city ordinance, and said clerk had stood his surety for its payment; that in the interval thereafter, and before the larceny, the defendant had worked one day on the streets at $1 per day; that the evening after the larceny, the defendant treated a friend to whisky at a bar-room, and to breakfast next morning at a restaurant, and bought two quarts of whiskey; the defendant swapped pocket-books next day with witness, and that the pocket-book shown to witness was the one then received from the defendant, and that the catches were then freshly broken off; that defendant had been seen after the larceny with a pocket-book resembling the one shown on trial, and that the catches were not broken off; that he took a dollar out of it and asked some one to change it; that on the night of the larceny, the co-defendant Dryman (as to whom there was other evidence) had a $20 bill, which he offered for change in payment for goods, and that defendant stated in jail that the money he had let Dryman have he worked for. This, without reiterating the testimony of the different witnesses, is the testimony for the State. If believed, it shows: 1. Opportunity. 2. Circumstances tending to show that defendant was without money two or three days before the larceny, and that immediately after the larceny, though he had worked only one day (at $1 per day), he was suddenly flush of money, depositing $8.50 for safe-keeping, besides being free with money and treating his friends. 3. His being in possession of a pocket-book, just such as prosecutor lost, though he could not swear positively to its identity. 4. Circumstances tending to show that defendant endeavored to destroy evidence of his guilt by breaking the clasps on the pocket-book, and then exchanging it with a friend for another. 5. That his companion, the co-defendant

Dryman, had a $20 bill that night, and defendant stated to the officer after being arrested that the money he (defendant) had let Dryman have he had worked for.

*State* v. *Wilson*, 76 N. C., 120, very much resembles this case. There the evidence showed that the prosecutor was drunk and unconscious; that the defendant knew he had money, and had opportunity of taking it from his person; that defendant had no money that night, but had some next day. This was held sufficient evidence to be submitted to a jury. The evidence in the present case was circumstantial. The jury might have deemed it proper to acquit defendant upon it. It was sufficient, however, to convict upon, if it satisfied them, beyond a reasonable doubt, as their verdict declares, that the defendant was guilty. Much depends upon the bearing upon the stand and the character of the witnesses, and incidents and circumstances of the trial seen and appreciated by the jury but which cannot be transmitted to this Court by a transcript of the evidence. Something must, and ought to be, trusted to the intelligence of the jury, whom the evidence was sufficient to satisfy of the guilt of the defendant, and of the presiding Judge, who held that the evidence was sufficient to be submitted to them. Whether or not the evidence sent up has sufficient weight to fully satisfy us of the defendant's guilt, if the case had been submitted to us upon it, is not the question for this Court to decide. It seems to us there were sufficient circumstances in evidence, if believed by the jury, to warrant the case being submitted to them as the sole triers of the fact. " While none of the circumstances, standing alone, was sufficient evidence of the defendant's guilt, yet, taken together as a whole they constitute evidence which was properly submitted to the jury." *State* v. *Christmas*, 101 N. C., 749.

*Per Curiam.* No error.