STATE v. CHARLES BARBER et al.

*Jurors, when Excused — Discretion of Judge — Challenge for Cause—Indictment Containing Several Counts—Election— Judge's Charge.*

1. The trial Judge has authority, in the exercise of a sound discretion, to excuse a juror at his own request, as a favor to him, and before he has been accepted as one of the panel.

2. It was not error to sustain a challenge to the favor when it appeared that a juror was attending the Court, whether under subpœna or not, in the expectation of being called upon as a witness for the opposite party, the danger of bias not being removed by showing that he had no knowledge of the material facts of the case, but expected to testify only as to the character of a defendant charged with a felony.

3. The unsupported testimony of an accomplice, if it produces entire belief of the prisoner's guilt, is sufficient to warrant a conviction, and the usual direction to a jury not to convict upon it, unless supported by other testimony, is only a precautionary measure to prevent improper confidence being reposed in it, and the propriety of giving this caution must be left to the discretion of the trial Judge.

4. Where, in the trial of an indictment containing two counts, one for larceny and the other for receiving, etc., the testimony tending to show that some of the defendants (who were convicted under the count for larceny) had been stealing tobacco from the same owner at various times, and had been disposing of it at a price much below its market value, to B, who knew it to have been stolen, it was within the discretion of the trial Judge to determine whether he would compel the State to elect on which count it should proceed against B.

5. Where a jury find a defendant guilty of larceny in a particular case, the law construes the verdict as if the words, "in manner and form as charged in the bill of indictment," were added to it, and the same is true as to the finding of another defendant guilty of receiving; therefore,

6. When, in the trial of an indictment against several defendants containing two counts (for larceny and receiving), the jury rendered a verdict that certain of the defendants "are guilty of larceny, and that the defendant B. is guilty of receiving, knowing the tobacco

to have been stolen": *Held*, that the verdict, as to the defendant B., taken in connection with the indictment, is sufficiently clear and intelligible to show that it is a conviction upon the second count, it not being essential to mention the property received, or to specify it directly instead of by implication, as the verdict did.

CRIMINAL ACTION, tried at May Term, 1893, of ROWAN Superior Court, before *Winston, J.*

The defendants were indicted for larceny and receiving stolen goods, knowing them to have been stolen. The jury found the defendant Barber guilty upon the second count (receiving, etc.), and he alone appealed from the judgment pronounced.

When the case was called in the Supreme Court, counsel for defendant submitted a motion in arrest of judgment, upon the ground that the verdict was insufficient, being in these words: "Guilty of receiving, knowing the tobacco to have been stolen," and cited and relied upon the case of *State* v. *Whitaker*, 89 N. C., 472.

*The Attorney General*, for the State.

*Messrs. C. M. Busbee* and *S. F. Mordecai*, for defendant (appellant).

AVERY, J.: A talisman was called, who, upon being challenged for cause by the Solicitor, stated that one of the defendants had spoken to him about the case and had requested him to attend as a witness to prove the character of that defendant, who had stated nothing but the fact that he was indicted; that he had agreed to become witness for the defendant and was attending the Court without having been summoned to appear. Two jurors had already been challenged peremptorily for the State, but the defendants had twenty-eight peremptory challenges which were not exhausted by them. The prosecuting officer asked the Court, in the exercise of its discretion, to excuse the juror, and he was so

excused. The authority of the Court, in the exercise of a sound discretion, to excuse a juror, at his own request, as a favor to him, and before he is accepted as one of the panel, it seems to us, cannot be seriously questioned. If, however, taking the whole statement together, it is susceptible of the construction that the Judge meant to excuse the juror because he was voluntarily attending for the purpose of being examined to prove the good character of one of the defendants, we think it equally clear that it was not error to sustain a challenge to the favor by either of the parties to an action upon the ground that the juror was attending the Court, whether under subpœna or not, in the expectation of being called upon as a witness for the opposite party. The danger of bias is not removed by showing that the witness has no knowledge of the more material facts bearing upon the issue, and expects to testify only as to the character of a defendant charged with a felony. 1 Bish. C. P., §§ 767, 768.

The jury could not have been misled as to the weight to be given to the testimony of an accomplice. The defendant had no just ground to complain of the instruction "that they (the jury) might convict on the unsupported testimony of an accomplice, but that it was dangerous and unsafe to do so; but, if the story of the accomplice, taken with the other facts and circumstances in the case, carry conviction to the minds of the jury, then it is their duty to convict. The jury must be satisfied beyond a reasonable doubt of the guilt of the defendant before they can convict." *State* v. *Mitchener*, 98 N. C., 689; *State* v. *Miller*, 97 N. C., 484; *State* v. *Stroud*, 95 N. C., 626. "The unsupported testimony of an accomplice, if it produces entire belief of the prisoner's guilt, is sufficient to warrant a conviction, and the usual direction to the jury not to convict upon it unless supported by other testimony is only a precautionary measure to prevent improper confidence being reposed in it, and the propriety of giving this caution must be left to the discretion of the Judge who tries

the cause." *State* v. *Holland*, 83 N. C., 625; *State* v. *Haney*, 2 Dev. & Bat., 390.

In *State* v. *Morrison*, 85 N. C., 561, Justice RUFFIN, delivering the opinion of the Court, says: "The common-law rule is that if an indictment contains charges distinct in themselves and growing out of separate transactions, the prosecutor may be made to elect, or the Court may quash. But when it appears that the several counts relate to one transaction, varied simply to meet the probable proof, the Court will neither quash nor force an election." "The same rule applies when there is but one count and testimony as to several transactions, either of which will be relied on to make a case under that count, and when there are several counts containing distinct charges and growing out of separate transactions, all punishable in the same way." *State* v. *Parrish*, 104 N. C., 679.

In this case the testimony tended to show that several other defendants, who were convicted of larceny on the first count, had been stealing tobacco from the same owner at various times, and had been disposing of it to the defendant, who knew it had been stolen, at a price much below its market value. The defendant Barber, who alone appeals, was convicted on the second count of receiving. It was within the discretion of the trial Judge to determine whether he would compel an election, and his ruling is not reviewable in this Court. *State* v. *Harris*, 106 N. C., 682; *State* v. *Allen*, 107 N. C., 805. The appellant certainly has no ground for complaint, since the jury were told that all of the defendants must be convicted, if at all, upon the evidence relating to a single transaction, and that so many of the defendants as did not participate in the particular transaction upon which the verdict should be founded must be acquitted. Bishop, *supra*, § 210. Where the jury find a defendant guilty of larceny in a particular case, the law construes the verdict as if the words, "in manner and form as charged in the indictment," were added to it, and where the finding as to another defen-

dant is, "guilty of receiving, knowing the tobacco to have been stolen," it must be interpreted in the same way. The verdict, as to the defendant Barber, taken in connection with the indictment, is sufficiently clear and intelligible to show that it is a conviction upon the second count. It was not essential that the jury should mention the property received, or certainly, that they specify it directly, instead of by implication arising out of the words, "knowing the said tobacco to have been stolen," when read in connection with the charge contained in the second count. *State* v. *Horan*, Philips, 571, 576.

Upon an inspection of the whole record we find no sufficient ground for arresting the judgment. It is not clear that the Judge who tried the case below intended to waive the objection that the prayer for instructions was offered too late. It does not follow from the fact that he gave a part of the instruction asked and refused other portions of it that he intended to make such a concession.

But we have considered the principal objections to the charge given and to the refusal to give instructions prayed for as if the exception had been well taken. There is

No Error.