STATE v. BEN. BRIDGERS.

*Larceny—Sufficiency of Evidence.*

1. Evidence which only raises a conjecture or suspicion of the guilt of one charged with an offence, but does not warrant a reasonable conclusion of his guilt, ought not to be submitted to the jury.

2. Where, on a trial for larceny, the prosecuting witness testified that, on his refusing to sell the defendant any mule shoes on credit, defendant sat down on a keg containing some, and after rattling the shoes for a while with his hand went out of the store with his right hand in his pocket; that he, the witness, suspected defendant of taking some shoes, but did not know whether any were taken or not; and defendant testified that he bought mule shoes which were soon

afterwards found in his possession from one M., who testified that he did, not remember selling them to the defendant, but might have done so, as there were many people about his store that day: *Held*, that the evidence raised only a conjecture or suspicion of defendant's guilt, and did not reach the dignity of legal evidence.

Indictment for larceny, tried before *McIver*, *J.*, and a jury, at Fall Term, 1893, of Cleveland Superior Court.

The defendant was charged with stealing two mule shoes, the property of R. H. Green and others.

For the State, Toliver Green testified that on August 9th the defendant came to the store of R. H. Green & Bro., of which witness is a member, to buy a pair of mule shoes on credit. The witness refused to let him have them and the defendant then took a seat on a keg containing some mule shoes and was rattling the shoes for a while, rattling those hanging on the edge of the keg. The defendant then left the store, putting his right hand in his trousers pocket, his left side being toward the witness. The witness, suspecting the defendant of having taken some shoes, asked a colored man, one Ran Ray, to follow the defendant. The witness stated on cross-examination that he did not know that he had lost any mule shoes at all, or how many he had had before the defendant entered his store, or had after the latter left, not knowing how many there were in the keg, nor could he identify as his those the defendant was subsequently found to have.

Ran Ray testified that he went after the defendant, and soon overtook him, and, after walking some distance, they sat down to rest, when the defendant took two mule shoes from his pocket and remarked that he had gotten them at the store, not naming any, however, and was going to pay them back to a Mr. Scruggs from whom he had borrowed two. The defendant made no attempt to hide the shoes, and did not seem frightened about anything. When witness and defendant reached Scruggs' house, defendant went in.

David Scruggs testified that the defendant brought him a pair of mule shoes in return for a pair defendant had gotten from him some days before. The defendant had borrowed a mule from one Prill Jolly, was to put shoes on the mule for its use, and secured two shoes from the witness.

It was in evidence that, upon being accused of stealing the shoes, the defendant said that he had bought them at Mooresboro, from a man he did not know, and described a store, Mooresboro being nearly six miles from R. H. Green & Bro.'s store. The description was nearly, but not quite, that of the store of M. G. Martin.

Mr. Martin testified that he did not remember selling the shoes to the defendant on the day in question, but might have done so, as it was a big day and there were many people in town. He could not identify his shoes. No witness was able to identify the shoes the defendant gave Mr. Scruggs as those of R. H. Green & Bro.

The defendant introduced no testimony, but asked the Court to instruct the jury that there was not sufficient evidence to warrant a conviction, it not being proved that any mule shoes had been stolen from R. H. Green & Bro., nor even that they had lost any, nor that the shoes found in the possession of the defendant did not belong to him, and if they were stolen, it was not proved that they were the Greens'. The Court refused to give this instruction, being of the opinion that there was evidence to go to the jury. There was a verdict of guilty. The defendant moved for a new trial on the ground that the Court had erred in refusing the instruction asked and in the charge as made, and that the verdict was contrary to the evidence. Motion overruled, and defendant appealed.

*The Attorney General* and *Mr. S. F. Mordecai*, for the State. *Mr. G. A. Frick*, for defendant (appellant).

STATE *v.* BRIDGERS.

MacRae, J.: We do not think there was evidence sufficient to warrant the conviction of the defendant. There was no positive testimony that any goods were taken from the prosecutor; indeed the witness expressly testified that he did not know whether he had lost any mule shoes at all, or how many he had before the defendant entered his store, or how many he had afterwards. The testimony of this witness that he suspected the defendant is of no force. The jury must be governed by the evidence of the facts upon which the suspicion was based, and not by the suspicion itself. A conjecture or a suspicion might arise unfavorable to the defendant, but evidence only sufficient for this purpose is not legal evidence. Unless this evidence, purely circumstantial in its nature, was of such character as to warrant a reasonable conclusion of the guilt of the defendant, it ought not to have been submitted to the jury. *State* v. *Bruce,* 106 N. C., 792. The defendant attempted to account for his possession of the shoes. If his statement had been contradicted there would have been a circumstance against him, but the State offered a witness for the purpose who failed to contradict him. Indeed, his testimony left it not unreasonable to presume that the defendant might have procured them at another place. Taking the testimony as a whole, it was only sufficient to raise a conjecture or suspicion, and did not reach the dignity of legal evidence. There must be a                New Trial.