## STATE v. ARTHUR WELLMAN.

### (Filed 13 May, 1914.)

**Criminal Law—Larceny—Trials—Evidence.**

> Evidence is sufficient to sustain a verdict of guilty of larceny which tends to show that the defendant borrowed some money from A., was present in the room and saw A. take the money from his trunk, endeavored to borrow money from others about that time; went to see A. when he and all his family were absent except a little girl about the yard; was seen in A.'s room alone, and left upon the arrival of the wife of A.; had before then only small balance in one bank, not exceeding $50 at any time; and that thereafter, and soon after A.'s money was missing from the trunk, deposited $50 in another bank, in which he had not previously deposited, and two days later made therein another deposit of $200.

APPEAL by defendant from *Harding, J.,* at February Term, 1914, of ROWAN.

The defendant was convicted upon an indictment charging the larceny of $390 from his father-in-law, Thomas Spratt, and appealed from the judgment rendered upon the verdict.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. C. Coughenour, Jr., and Jerome & Price for defendant.*

ALLEN, J. The only question presented by the appeal is whether the evidence was sufficient to be submitted to the jury.

The evidence for the State tended to prove that Thomas Spratt, father-in-law of the defendant, lost $390 after Christmas, 1913; that the money was taken from a trunk in the room occupied by Spratt; that the trunk was broken open and the money was in $5, $10, and $20 bills; that the defendant went to the home of Spratt Christmas week and borrowed $25; that he was in the room where the trunk was kept, and saw the money taken from the trunk and the balance left, after making the loan of $25, replaced in the trunk; that he tried to borrow $10 or $15 from another party during Christmas week; that the defendant went to Spratt's house on 3 January, 1913, when no one was there except a little child 6 years old; that when a witness for the State went to the house the child was in the yard, and the defendant alone in the room where the trunk was; that when he saw the wife of Spratt approaching the house, he left; that the money was missed after that; that prior to that time the defendant had been banking with Davis & Wiley; that his deposits were small, his balances not over $50, and that he had to his credit with the bank on 26 December $1.11; that on 5 January he deposited in the Wachovia Bank $50, and on 7 January $200; that he had not before that time done business with the Wachovia Bank.

This evidence is not to our minds conclusive, and the jury would have been justified in acquitting; but it does more than raise a suspicion of guilt, and was properly submitted to the jury.

The respective duties of the judge and jury in the consideration of evidence are laid down in *S. v. Hawkins,* 155 N. C., 466.

No error.