STATE v. MONROE D. SHOUP.

(Filed 31 January, 1946.)

**1. Criminal Law § 67—**

> On an appeal in criminal cases the Supreme Court cannot pass upon the weight of the evidence but only whether there is sufficient evidence to support conviction.

**2. Larceny § 7—Evidence held sufficient to sustain conviction of larceny from the person.**

> The evidence tended to show that defendant and another, both of whom had been drinking, rode some distance in adjacent seats on a bus, that defendant got off the bus before reaching the station in a city short of the destination called for on his ticket, that he was later found in a hotel registered under an assumed name and having in his possession four $50

bills and three $20 bills, the identical denominations which his co-passenger had missed from his pocketbook when he found it on his bus seat after search upon discovering it was missing when he alighted from the bus, that the co-passenger had seen the money in his pocketbook after passing a station some 85 miles before the station at which defendant alighted, together with testimony that defendant made a statement to the officers to the effect that he did not know how much money his co-passenger had until he took it, with circumstances tending to show that prior thereto defendant did not have large sums of money *is held* sufficient to overrule defendant's motions for judgment of nonsuit.

**3. Criminal Law § 34d—**

Evidence that after the crime was committed defendant left the bus before reaching the station in a city prior to the city called for on his ticket, and registered at a hotel under an assumed name *held* competent as an incriminating circumstance in the nature of an admission as tending to show motive to cover up identity and avoid being traced.

**4. Criminal Law § 81c—**

Where defendant does not make it appear that a statement made by him was true, testimony of a police officer that he did not think it worth while to investigate defendant's statement, cannot be held prejudicial.

**5. Constitutional Law § 35—**

The introduction in evidence of incriminating papers taken from the defendant at the time of his arrest does not infringe the constitutional guarantee against self-incrimination, Art. I, sec. 11, and in the instant case defendant went upon the stand and thus waived such right.

**6. Larceny § 6—**

A paper issued defendant by his employer which entitled defendant to two weeks delay in paying a $5 deposit on house rent *held* competent in this prosecution for larceny to contradict defendant's claim as to the amount of money he had prior to the commission of the crime.

**7. Criminal Law § 78e (2)—**

An exception to the statement of the testimony of a witness is not available on appeal when defendant does not bring the matter to the trial court's attention at the time for immediate correction.

**8. Criminal Law § 53k—**

Statement of a contention favorable to defendant cannot be held for error, since, if defendant desired the statement made in any particular form, and, in fact, to entitle defendant to the statement of the contention at all, it is incumbent on defendant to submit request therefor.

**9. Criminal Law § 53b—**

The failure of the court to charge the jury as to the degree of circumstantial proof required to convict is not held for error in this case, the charge that the jury should be satisfied from the evidence beyond a reasonable doubt of defendant's guilt in order to justify conviction being sufficient on the degree of proof required. G. S., 1-180.

STATE *v.* SHOUP.

APPEAL by defendant from *Alley, J.,* at 9 July, 1945, Mixed Term, of GUILFORD.

The defendant was tried upon an indictment charging him with larceny of $260 from the person of C. H. Josey, and challenges the conduct of the trial in the particulars noted. The following summary is sufficient to present the case for review:

There was evidence to the effect that Josey and the defendant had ridden in the same bus seat from some distance east of Raleigh, Josey going home to Salisbury, and Shoup to Charlotte. Both had been drinking, and Josey had had several drinks. Josey had in his wallet about $300, which he had borrowed on his trailer from a bank in Norfolk—four $50 bills and three twenties in one compartment and the rest in another. The two sat together again on changing buses at Raleigh, and Josey saw the money in his pocketbook beyond Raleigh. Shoup got off the bus in Greensboro, before reaching the station, and Josey went on to Salisbury. There, on getting off the bus, he missed his pocketbook, and turning back, found it lying in the seat he had occupied, but found the four $50 bills and three twenties gone. The rest of the money was not disturbed.

Two police officers of Greensboro, having been given a description of Shoup and the denominations of the seven bills lost, found Shoup at a hotel, registered under the name of Foster. They found a purse hidden under a rug in the room, which Shoup admitted was his, containing four $50 bills, three $20 bills, and three ones. Shoup claimed that the money was his. Asked why he took the money, he replied that he didn't know the man had that much money. On cross-examination one of the officers modified the testimony to this: "I said, 'You did not know he had that much money until you took it?' and he said, 'Yes.' "

On the defense Shoup gave various reasons why he got off at Greensboro instead of going on to Charlotte as his ticket read, and introduced evidence tending to account for the money in his possession. As to the registration at the hotel, he said he sometimes went under the name Foster.

The State, over defendant's objection, was permitted to introduce a "notice" or paper issued to defendant by the Housing Office of Norfolk Navy Yard guaranteeing two weeks rent at Dale Dormitories, which would permit him to delay paying a "security deposit of $5" to the apartments for that length of time. The purpose as stated was to show the improbability of defendant having that much money at the time. Defendant stated that such a paper was issued to "all of them."

At the conclusion of the State's evidence, and again at the conclusion of all the evidence, defendant moved for judgment of nonsuit, and the

motions were denied. The defendant was found guilty and from the judgment imposing sentence appealed, assigning errors.

To save repetition particular incidents of the trial to which exceptions were taken are noted in the opinion.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*William E. Comer for defendant, appellant.*

SEAWELL, J. Our office on review does not permit us to pass on the weight of evidence. We can only assure the demurring defendant that he shall not be convicted except on evidence tending to show his guilt; *S. v. McKinnon,* 223 N. C., 160, 25 S. E. (2d), 606; *S. v. Johnson,* 220 N. C., 773, 18 S. E. (2d), 358; *S. v. Stephenson,* 218 N. C., 258, 10 S. E. (2d), 819; G. S., 15-173, and annotations; and we cannot agree with counsel for the appellant that the evidence submitted to the jury on the trial is not of that character. The motions for judgment as of nonsuit were properly overruled.

Appellant's first exception relates to the evidence that he registered at a hotel in Greensboro under an assumed name, after breaking his trip to Charlotte at that point and leaving the bus before reaching the station. Taken with other related circumstances it leads to the inference that his motive was to cover up his identity and avoid being traced for the recent crime. It was in the nature of an admission and competent as an incriminating circumstance. *S. v. Payne,* 213 N. C., 719, 197 S. E., 573; *S. v. Lawrence,* 196 N. C., 562, 146 S. E., 795; *S. v. Dickerson,* 189 N. C., 327, 127 S. E., 256. Exceptions 2 and 3 question the competency of the police officer's testimony that he did not think it worth while to investigate the claim of defendant that he had relatives in Greensboro. It is not clear that defendant could have been prejudiced by the statement.

Exceptions 5 and 6 are to the identification of the written "notice" or guaranty by the Navy Housing office of two weeks rent at the Dale Dormitories, and its introduction in evidence. The objection is both to its relevancy, and to its use as having been taken from defendant on a personal search, and thus compelling him to testify against himself. As to the manner of its acquisition and subsequent use in evidence, our Court has uniformly held that Article I, sec. 11, of the Constitution is not infringed by the introduction of evidence thus procured. Moreover, the defendant went upon the stand in his own behalf and waived his constitutional right against self-incrimination. *S. v. Hickey,* 198 N. C., 45, 48, 150 S. E., 615; *S. v. Graham,* 74 N. C., 646, 648. *S. v. Hollingsworth,* 191 N. C., 595, 132 S. E., 667, is distinguishable. In that case the defendant was required in open court and in the presence of the jury

to hand over to the State incriminating documents for use against him in the trial. As to the relevancy of the paper, however minor it may be in probative force, we cannot say that it is devoid of any inference contradictory of defendant's claim as to the amount of money he had when he came to Norfolk, a matter of circumstantial importance in the case. See *S. v. Payne, supra; S. v. Lawrence,* 196 N. C., 562, 146 S. E., 395; *S. v. Wellman,* 166 N. C., 354, 81 S. E., 745; *S. v. White,* 162 N. C., 615, 77 S. E., 999; *S. v. Bruce,* 106 N. C., 792, 11 S. E., 475.

In exception 8 the appellant complains that the trial judge misstated the testimony of a police officer in summing up the evidence. The judge told the jury, in substance, that the defendant said he took the money "because he did not know how much the man had." Passing the fact that this is a close approximation to the officer's testimony, if it was an erroneous statement, it was such as to require that the attention of the judge should be called to it at the time for immediate correction, otherwise it would not be available on appeal. This was not done. *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Hobbs,* 216 N. C., 14, 3 S. E. (2d), 431.

Exception 9 assigns as error the fact that the judge, as a contention and not as a direct statement of law, instructed the jury that where the conduct of the defendant could be attributed to either of two motives, one innocent and the other criminal, the jury should take the more charitable view. *S. v. Massey,* 86 N. C., 660. This was, of course, favorable to the defendant, but the court was not bound to give the instruction at all in the absence of a request. It was the privilege of the defense to ask for it if it was desired in different form. See *S. v. Rogers,* 166 N. C., 388, 390, 391, 81 S. E., 999.

The last assignment of error, exception 10, points out that the court failed to state the law where circumstantial evidence is involved, and that the evidence here is predominantly of that character. Precisely in what the failure consists, we are left to surmise: We assume that it relates to the degree of circumstantial proof required to convict. Every now and then, through the force of precedent, definitions and interpretations of the more technical features of the law are newly included in the category of "musts" in explaining the law and applying it to the evidence under G. S., 1-180. Perhaps in extraordinary or unusual conditions that duty might arise with regard to circumstantial evidence, but no precedent is brought to our attention in the instant case. The presence, use, and significance of circumstantial evidence in cases of this kind are commonly understood by all men, and there is danger that too much elaboration might have a tendency to confuse rather than aid the intellectual processes in reaching a reasonable verdict. In the present state of the law and practice, and upon the facts of this case, we think the duty

of the trial court is fully implied in the following observation from *S. v. Shook,* 224 N. C., 728, 731, in which the Court quotes with approval from *S. v. Adams,* 138 N. C., 688, 50 S. E., 765:

"There is no particular formula by which the Court must charge the jury upon the intensity of proof. 'No set of words is required by the law in regard to the force of circumstantial evidence. All that the law requires is that the jury shall be clearly instructed, that unless after due consideration of the evidence they are "fully satisfied" or "entirely convinced" or "satisfied beyond a reasonable doubt" of the guilt of the defendant, it is their duty to acquit . . .'"

The charge in the instant case met this requirement.

Upon the record we find

No error.