## STATE v. RALPH J. PENNELL.

(Filed 1 November, 1950.)

**1. Criminal Law § 53l—**

While the trial court is bound to give a special instruction duly requested when it is correct in itself and supported by evidence, the court is not required to adopt the precise language of the prayer but it is sufficient if the court gives the requested instruction in substance either in response to the prayer or in other portions of the charge.

**2. Same: Homicide § 27f—Requested instruction held substantially given.**

Defendant requested special instruction as to his right to use a deadly weapon, such as a rifle, to repel an assault made upon him in his own home by a larger, younger, and stronger man, even though his assailant was unarmed, if it reasonably appeared to him necessary to save himself from death or great bodily harm. An instruction to the effect that defendant's right of self-defense did not depend upon whether his assailant was armed and that defendant would be legally entitled to stand his ground and repel force with force and to increase his force so as not only to resist but also to overcome the assault, *is held* in substantial compliance with the prayer, and the charge is not subject to criticism for the failure of the court to specifically state that defendant had a right to use a rifle in his self-defense.

APPEAL by defendant from *Bobbitt, J.,* August Term, 1950, of CALDWELL.

Criminal prosecution on indictment charging the defendant with the murder of Clarence Russell.

Upon the defendant's arraignment and plea of traverse, the solicitor announced that he would not ask for a verdict on the capital charge, but would insist upon a verdict of murder in the second degree or manslaughter as the evidence should warrant.

For convenience and to avoid repetition, reference is made to former appeal reported in 231 N.C. 651, for full statement of the facts. A new trial was awarded on the first appeal because of error in the charge in respect of the defendant's right to defend himself in his own home without retreating.

On the day of the homicide, 26 October, 1949, the deceased, Clarence Russell, came to the home of the defendant after drinking and bringing some liquor with him. He grew impatient with the defendant, while in the dining room, over missing some of his liquor. The defendant said the deceased had consumed it himself. Words were exchanged between the two and the defendant went back into his bedroom. The deceased followed him, whether upon call of the defendant or of his own volition and in anger, was the subject of debate on the hearing. The defendant says the deceased was approaching him in a threatening manner with

an open knife and that he shot to repel the assault. The State contends. that the defendant asked the deceased to step forward where he was, and as he did so the defendant shot him. The deceased was a larger, younger and stronger man than the defendant.

Verdict: Guilty of murder in the second degree with recommendation: of mercy.

Judgment: Imprisonment in the State's Prison for a term of not less. than 9 nor more than 12 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*G. W. Klutz and Hal B. Adams for defendant.*

STACY, C. J. The pivotal question for decision is whether the defendant's special prayer for instruction called for substantial compliance; and, if so, whether the charge as given suffices for the purpose.

Practically the same question was involved on the former appeal, only in a little different form. The defendant presently complains at the failure of the court to give an instruction, seasonably proffered, touching his right of self-defense. It was given in substance, though not in the precise language of the prayer.

It is well understood that when a defendant in a criminal prosecution duly makes request for a special instruction, which is correct in itself and supported by evidence, the trial court, while not required to adopt the precise language of the prayer, is in duty bound to give the instruction, in substance at least, and, unless this is done, either in direct response to the request or otherwise in some portion of the charge, the failure may be preserved for valid exception on appeal. *Groome v. Statesville,* 207 N.C. 538, 177 S.E. 638; *S. v. Henderson,* 206 N.C. 830, 175 S.E. 201; *S. v. Lee,* 196 N.C. 714, 146 S.E. 858.

In apt time, the defendant asked the court to instruct the jury that the principle of self-defense "gives the defendant the right to use a deadly weapon, such as a rifle, if it appear to him reasonably necessary for him to do so, by reason of the fact that the deceased, his alleged assailant, was a larger, younger, stronger and more vigorous man . . . and you further find that the defendant . . . having a reasonable apprehension. . . . of being seriously . . . injured by the deceased, without the deceased having any deadly weapon . . . the law gives the defendant the right to repel such assault . . . by using a rifle in his self-defense."

Without following the language of the special prayer the court stated the same principle in different words: "The defendant's right of self-defense does not depend upon whether . . . you find from the evidence

that Clarence Russell had a knife, or that he was engaging in any specific kind of conduct at the particular time. The question is whether the circumstances were such that he had reasonable grounds for the apprehension that he was in danger of death or great bodily harm, even though the assailant may not have possessed any deadly or dangerous weapon. Whether the deceased had a weapon; . . . whether the deceased advanced towards the defendant in a belligerent manner; . . . whether the defendant was kicked there in the dining room," are all circumstances to be taken into consideration by you; "and then it is for you to say whether the defendant had reasonable grounds for the belief that he was in danger of death or great bodily harm under the circumstances in which he found himself at the time."

Without pausing to inquire whether the accuracy of the prayer is such as to demand compliance, we regard the instruction as given a sufficient response. *S. v. Beachum,* 220 N.C. 531, 17 S.E. 2d 674; *S. v. McKinnon,* 197 N.C. 576, 150 S.E. 25; *S. v. Williams,* 189 N.C. 616, 127 S.E. 675; *S. v. Baldwin,* 184 N.C. 789, 114 S.E. 837; *S. v. Baldwin,* 178 N.C. 693, 100 S.E. 345; *S. v. Wilcox,* 132 N.C. 1120, 44 S.E. 625. The defendant criticizes the court's charge as being too general and unresponsive to his specific prayer that the jury be told he had a right to use a rifle in his self-defense. *S. v. Hill,* 141 N.C. 769, 53 S.E. 311; *S. v. Hough,* 138 N.C. 663, 50 S.E. 709. The jury was instructed, however, that the defendant, being in his own home, was under no obligation to retreat to avoid the combat, "but would be legally entitled to stand his ground and to repel force with force and to increase his force so as not only to resist but also to overcome the assault." The jury hardly could have misunderstood this instruction.

The record reveals no exceptive assignment of error which would seem to require a third trial of the case. The verdict and judgment will be upheld.

No error.