STATE v. WILLIE GARFIELD HOOKER, CHARLIE HOLDEN, AND
JOHN EDWARD WILLIAMS.

(Filed 13 January, 1956.)

1. **Criminal Law § 531: Trial § 32—**

   While the court is not required to give requested instructions in the exact language of the request, even though the instruction be correct in itself and supported by evidence, the court must give such instruction at least in substance.

2. **Same: Criminal Law § 53j—**

   Where the State relies upon the unsupported evidence of accomplices for a conviction, the refusal of the court to charge in response to a special request that the State's witnesses were accomplices according to their own testimony, and that their testimony was unsupported by any other evidence in the case, must be *held* for prejudicial error.

APPEAL by defendant Willie Garfield Hooker from *Seawell, J.*, at August 1955 Term, of SCOTLAND.

Criminal prosecution upon a bill of indictment containing three counts against defendant and Charlie Holden and John Edward Williams.

The first count charges that on 16 December, 1954, defendant Hooker and said Holden and Williams unlawfully, willfully and feloniously did break and enter the warehouse of Southern Cotton Oil Company with intent to steal, take and carry away merchandise, chattels, money and valuable securities of said company; the second count charges that on same date defendant Hooker and said Holden and Williams did feloniously steal, take and carry away goods, chattels and money of Southern Cotton Oil Company of value of more than a hundred dollars; and the third count charges that defendant Hooker and said Holden and

Williams did on same date feloniously receive and have money of the value of more than one hundred dollars of the Southern Cotton Oil Company well knowing that same had been feloniously stolen, taken and carried away.

The record shows that when the case was called for trial in Superior Court defendants Albert Purcell (not named in the bill above referred to) and John Edward Williams each entered plea to breaking, entering and larceny; that defendant Charlie Holden had not been taken; and that defendant Willie Garfield Hooker entered a plea of not guilty.

And the record also shows that thereupon the case against Willie Garfield Hooker proceeded to trial; that the State first offered evidence tending to show that the offenses described in the bill of indictment had been committed. Then the State introduced as witnesses Albert Purcell and John Edward Williams, who testified to their own participation, and implicating defendant, in the commission of the said offenses.

Their testimony was the only evidence offered tending to connect defendant with the offenses.

On the other hand, defendant, testifying as witness in behalf of himself, denied that he participated therein.

The case as thus presented was given to the jury.

Verdict: Guilty.

Judgment: Confinement in the State Penitentiary for a period of not less than 7 nor more than 10 years.

Defendant excepted thereto, and appeals therefrom to Supreme Court and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*Jennings G. King for defendant Hooker, appellant.*

WINBORNE, J. In apt time defendant, appellant, in writing requested the trial court to give these special instructions:

"1. In North Carolina, a defendant may be convicted upon the unsupported testimony of an accomplice, if the jury is satisfied from such testimony and beyond a reasonable doubt of his guilt; and, in this case, the witnesses Purcell and Williams are which is known in law as accomplices; and their testimony as to the guilt of the defendant is unsupported by any other evidence.

"2. However, the court further instructs you that it is dangerous to convict a defendant upon the unsupported testimony of an accomplice; that it will be dangerous to convict the defendant in this case upon the testimony of Purcell and Williams, although it is your duty to do so if their testimony has satisfied you beyond a reasonable doubt of the

defendant's guilt; and that it is your duty to scrutinize their testimony with caution and with care and in the light of their interest and bias, if any, in the case."

The court refused to give either of these instructions, and to the failure to do so, defendant excepted, and assigns same as error.

While the court is not required to give the instruction in the exact language of the request, if request be made for a specific instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance. *S. v. Booker,* 123 N.C. 713, 31 S.E. 376; *S. v. Henderson,* 206 N.C. 830, 175 S.E. 201; *S. v. Pennell,* 232 N.C. 573, 61 S.E. 2d 593.

Indeed, here the requested instructions find support in decisions of this Court. *S. v. Barber,* 113 N.C. 711, 18 S.E. 515; *S. v. Williams,* 185 N.C. 643, 116 S.E. 570; *S. v. Ashburn,* 187 N.C. 717, 122 S.E. 833.

However, the court did give general instructions in this respect. But defendant contends, and we think rightly so, that the charge as given by the court failed to cover substantially the matters included in the requested instruction in that: The court failed to instruct the jury (1) "that Purcell and Williams were actually accomplices, according to their testimony," and (2) "that their testimony as to defendant's participation in the alleged offense was unsupported by any other evidence in the case."

For error thus pointed out, there must be a

New trial.