STATE OF NORTH CAROLINA v. JAMES WILLIAM NEWTON

No. 7410SC1075

(Filed 2 April 1975)

1. **Criminal Law §§ 38, 95— receiving stolen goods — evidence of similar transaction — admission for restricted purpose**

   In a prosecution for receiving stolen goods and feloniously conspiring to receive stolen goods, the trial court did not err in allowing evidence of transactions between a State's witness, a police officer and defendant, since such evidence was admissible to show a plan embracing the commission of a series of crimes, and the court specifically instructed the jury as to the limited purpose for which the evidence was admitted.

2. **Receiving Stolen Goods § 5— conspiracy to receive — sufficiency of evidence**

   In a prosecution for felonious conspiracy to receive stolen goods, evidence was sufficient to be submitted to the jury where it tended to show that defendant had purchased stolen television sets from a State's witness on prior occasions and had told the witness he could use more television sets, the witness and a police officer went to defendant's store and disposed of ostensibly stolen items, and both men made it clear to defendant that the goods were "hot," it was stipulated between the State and defendant that, if called, one witness would testify that someone broke into his house in the daytime without his permission and stole a color TV worth more than $200 and that same television set was stolen by a State's witness and sold to defendant.

3. **Criminal Law §§ 113, 119— request for instruction on circumstantial evidence — failure to give instruction erroneous**

   Defendant is entitled to a new trial where the court committed error in failing, after proper request, to explain the law of circumstantial evidence.

APPEAL by defendant from *McLelland, Judge*. Judgment entered 25 July 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 11 March 1975.

Defendant was charged in separate bills of indictment with two counts of receiving stolen goods and with feloniously conspiring to receive stolen goods. He pleaded not guilty and was tried before a jury. The principal State's witness, James Mann, testified that on 11 May 1974 he and Danny Goldston broke into a house at 1400 Altama Drive in Raleigh and took a Sears portable color television set. That same day they sold the television to James Newton at Newton's Grocery. On 11 or 12 May 1974, Mann, Goldston, and Vincent Hedgepeth broke into an apartment at 216 Washington Terrace and took a black and white television set, which they also sold to defendant. Defendant was quoted as saying to Mann, "Do you remember where you sold this, who you sold this to?" to which Mann replied no. Defendant allegedly told Mann he could use more television and stereo component sets. There was never any discussion about the origin of the goods.

In mid-May, Mann was arrested and decided to assist the district attorney and police in the investigation of Newton's activities. On 30 May 1974, accompanied by Officer Sanders of the Raleigh Police Department, Mann went to Newton's Grocery and disposed of ostensibly stolen items. Both men made it clear to defendant that the goods were "hot." Later that day, having obtained a warrant, officers conducted a search of defendant's residence and recovered these goods. The next day, defendant brought in two color television sets, one of which was identified as having been stolen earlier in the month from the apartment of Patricia McIntyre at Washington Terrace.

It was stipulated between the State and defendant that, if called, Mr. Albert Lee Purcell of 1400 Altama Avenue would testify that on 11 May 1974 someone broke into his house in the daytime, without his permission, and stole a color television set worth more than $200.00. It was also stipulated that Mr. Prentice Poole of 216 Washington Terrace would testify that on 12 May 1974 someone broke into his apartment in the nighttime, without his permission, and stole a black and white television set valued at less than $200.00.

Defendant testified that during April 1974 a friend, Gordon Welch, supplied him with television sets to sell in his grocery

store. David Vick, who delivers pies to the store, noticed the sets and introduced defendant to Danny Goldston, who, according to Vick, had some television sets that were not stolen and that he wanted to sell through defendant's store. Defendant testified that he believed James Mann to be a television repairman by the way he worked on the sets he brought to the store. He denied knowing any of the items were stolen and asserted that he was not trying to hide anything but conducted all of the transactions in areas accessible to the public. Welch and Vick gave testimony tending to corroborate defendant's. Other witnesses testified as to the reputation of defendant.

The jury found defendant not guilty on the charges of receiving stolen goods and guilty on the charge of felonious conspiracy to receive stolen goods. From judgment imposing a prison sentence, defendant appealed to this Court.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Zoro J. Guice, Jr., for the State.*

*Mitchiner, DeMent, Redwine & Yeargan, by Russell W. DeMent, Jr., for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant first contends that the trial court erred in admitting evidence of transactions on 30 May 1974 involving James Mann, Officer Sanders and defendant. We disagree. Evidence of other offenses is admissible when, as in the case at bar, it tends to show guilty knowledge on the part of defendant or a plan "embracing the commission of a series of crimes. . . . " *State v. McClain,* 240 N.C. 171, 175-76, 81 S.E. 2d 364, 367 (1954). *See also* 1 Stansbury, N. C. Evidence (Brandis rev.), §§ 91, 92. Furthermore, the trial court specifically instructed the jury as to the limited purpose for which this evidence was admitted.

[2]  Defendant next contends that the trial court should have granted his motion for judgment as of nonsuit on the ground that there was no evidence of an agreement to receive goods exceeding $200.00 in value. This contention also is without merit. It is well settled that a criminal conspiracy may be established by circumstantial evidence from which the conspiracy may be inferred. *State v. Horton,* 275 N.C. 651, 170 S.E. 2d 466,

*cert. denied* 398 U.S. 959, *rehearing denied* 400 U.S. 857 (1970).
Viewed in the light most favorable to the State, *see generally*
2 Strong, N. C. Index 2d, Criminal Law § 106, pp. 655-57, the
testimony of Mann and the stipulation regarding testimony of
Purcell amply support the inference that there was an agree-
ment to receive stolen goods valued at more than $200.00.

[3]    Defendant's remaining assignments of error concern the
court's instructions to the jury. Reading the charge as a whole,
we find it adequate in all respects but one: defendant correctly
contends that the court committed error in failing, after proper
request, to explain the law of circumstantial evidence. Although
there is no set formula by which the court is required to instruct
on circumstantial evidence, when a proper request is tendered
it must be given, at least in substance. *See State v. Beach*, 283
N.C. 261, 196 S.E. 2d 214 (1973) ; *State v. Lowther*, 265 N.C.
315, 144 S.E. 2d 64 (1965) ; *State v. Warren*, 228 N.C. 22, 44
S.E. 2d 207 (1947) ; *State v. Shoup*, 226 N.C. 69, 36 S.E. 2d
697 (1946). *Compare State v. Shook*, 224 N.C. 728, 32 S.E.
2d 329 (1944), *with State v. Hooker*, 243 N.C. 429, 90 S.E. 2d
690 (1956). For failure of the trial court to give proper instruc-
tions to the jury, defendant is entitled to a new trial.

New trial.

Judges BRITT and MORRIS concur.