IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-142

Filed: 15 October 2019

Buncombe County, No. 15 CVS 4472

DUNG THANG TRANG, Plaintiff,

v.

L J WINGS, INC. and WILLIAM ROBERT ERICKSON, Defendants.

Appeal by plaintiff from judgment and order entered 1 May 2018 and 26 July 2018, respectively, by Judge J. Thomas Davis in Buncombe County Superior Court. Heard in the Court of Appeals 18 September 2019.

> *Lakota R. Denton and Lucas T. Baker for plaintiff-appellant.*
>
> *Pope Aylward Sweeney & Stephenson, LLP, by Jeremy A. Stephenson, for defendant-appellee.*

TYSON, Judge.

Dung Thang Trang ("Plaintiff") appeals from the trial court's partial grant of directed verdict in favor of L J Wings, Inc. ("Defendant"). Plaintiff also appeals the trial court's denial of his requested jury instructions. We find no error.

## I. Background

Defendant is a North Carolina corporation, which owns and operates a Wild Wing Café franchised restaurant in Buncombe County, North Carolina ("Café"). Defendant's franchisor established and issued policies and procedures regarding

North Carolina's dram shop laws and alcohol practices to its franchisees and their employees, including information to monitor and prevent customer intoxication. Practices to prevent intoxication include the employee offering "[f]ood high in fat and/or protein such as . . . chicken wings" and counting the number of drinks each customer has. "If counting drinks will not work, then you must rely on observation to spot signs of intoxication."

The co-defendant, William Erickson, arrived at the Café at about 11 a.m. on 5 August 2015. Erickson was one of the Café's regular customers. In the following six to seven hours, Erickson was served between thirteen-and-a-half and fifteen-and-a-half alcoholic beverages. Two bartenders, Anne Marie Paine and Christopher Nawrocki, served Erickson during this period. Paine served Erickson between eleven and thirteen beverages over roughly six hours, before her shift ended around 5 p.m. Nawrocki replaced Paine around 5 p.m. and served Erickson at least two beverages, and approximately half of a third, before cutting him off.

Nawrocki stopped alcohol sales to Erickson because, "something was just a little different in Bill. . . . It was just something that made me uncomfortable, and when I'm uncomfortable it's time to go." Nawrocki also checked with Paine and learned Erickson had "been there all day." Nawrocki ordered chicken wings for Erickson to eat, and checked to make sure Erickson would not be driving home.

Nawrocki also removed a previously served, half-full beer. Erickson ate the wings and left the Café sometime after 6 p.m.

At about 7 p.m., Erickson was driving on Interstate-26 when his car made contact with a Honda Odyssey vehicle Plaintiff was driving, and allegedly injured Plaintiff. Plaintiff brought this negligence action against both Defendants. His claims against Defendant, L J Wings, Inc., included a dram shop claim and a negligent supervision claim as to the bar owner's supervision of its employees, Paine and Nawrocki. Erickson, the customer and driver, stipulated to his negligence liability before the case was submitted to the jury.

At the close of Plaintiff's evidence, Defendant moved for a directed verdict. The trial court denied Defendant's motion to dismiss the dram shop claim, but dismissed all of Plaintiff's other claims, including for negligent supervision.

The trial court's dismissal of the negligent supervision claim was based upon two reasons: primarily, Plaintiff presented insufficient evidence of incompetency or unfitness of either Paine or Nawrocki; and, secondarily, the negligent supervision claim served no independent purpose, as Plaintiff would recover damages upon a verdict of negligently serving an intoxicated patron under the dram shop claim.

Plaintiff requested a special jury instruction, which contained the following sentence:

> In deciding whether this law was, or was not violated, you
> may consider all of the evidence you have heard, including

the evidence presented on the existence of Defendant L J Wings, Inc.'s own voluntarily adopted policies and procedures, and whether or not such voluntarily adopted policies and procedures were followed.

The trial court declined to include the specific proffer in its instructions. The court reasoned it would be improper to ask, or pre-empt, "the jury to focus on a particular aspect of the evidence." The jury returned a verdict, which found Defendant not negligent on 27 March 2018. The court entered its judgment on 1 May 2018.

Plaintiff moved for a new trial on 18 May 2018. He argued, *inter alia,* the partial grant of Defendant's motion for directed verdict and the denial of Plaintiff's requested jury instruction were prejudicial errors of law. The court denied Plaintiff's amended motion for a new trial on 26 July 2018. Plaintiff entered and served his notice of appeal on 23 August 2018. Plaintiff appeals both the judgment, as well as the order denying his motion for a new trial.

## II. Jurisdiction

An appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2017).

## III. Issues

Plaintiff asserts the trial court committed reversible error by: (1) denying his request for a special jury instruction; and, (2) granting Defendant's motion for directed verdict on his claim of negligent supervision.

IV. Standard of Review

"A specific jury instruction should be given when: (1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury." *Outlaw v. Johnson*, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (citation and internal quotation marks omitted). "Failure to give a requested and appropriate jury instruction is reversible error if the requesting party is prejudiced as a result of the omission." *Id.* (citation omitted).

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *N.C. Indus. Capital, LLC v. Clayton*, 185 N.C. App. 356, 362, 649 S.E.2d 14, 19-20 (2007) (quoting *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322–23, 411 S.E.2d 133, 138 (1991)).

V. Analysis

Plaintiff's two arguments interrelate. Counsel conceded at argument in order for the partial grant of directed verdict on negligent supervision to be prejudicial and rise to reversible error, the trial court's failure to provide Plaintiff's requested special instruction must have misled the jury.

A. Jury Instructions

Plaintiff argues the trial court prejudiced him and committed reversible error by denying his request for a special jury instruction, which stated in relevant part:

> In deciding whether this law was, or was not violated, you may consider all of the evidence you have heard, including the evidence presented on the existence of Defendant L J Wings, Inc.'s own voluntarily adopted policies and procedures, and whether or not such voluntarily adopted policies and procedures were followed.

"While the court is not required to give the instruction in the exact language of the request, if request be made for a specific instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance." *In re Estate of Lowe*, 156 N.C. App. 616, 619, 577 S.E.2d 315, 317 (2003) (quoting *State v. Hooker*, 243 N.C. 429, 431, 90 S.E.2d 690, 691 (1956)). However, these two requirements of correctness and evidentiary support guarantee neither the entitlement to nor the delivery of all proposed or proffered special instructions.

Under the North Carolina Rules of Civil Procedure,

> In charging the jury in any action governed by these rules, a judge . . . *shall not be required to state, summarize* or *recapitulate the evidence*, or to explain the application of the law to the evidence. *If the judge undertakes to state the contentions of the parties, he shall give equal stress to the contentions of each party.*

N.C. R. Civ. P. 51(a) (emphasis supplied).

Presuming Plaintiff's proposed special instruction was correct in itself and supported by evidence in the record, the trial court would have been required to

highlight and "state, summarize or recapitulate the evidence" as specified by Plaintiff.

As the trial court explained at the charge conference, "it would be an indication that the Court is asking the jury to focus on a particular aspect of the evidence. And as a result thereof, I think that's improper. . . . that instruction invites the Court to focus on and call as important specific evidence that would not be proper."

The trial court's analysis is correct. Plaintiff's proposed special jury instructions run afoul of Rule 51(a)'s plain "equal stress" language. Even if the proposed instruction is correct and is supported in the record, the requested instructions could have improperly focused the jury on a particular aspect of Plaintiff's evidence. Rather than undertaking to state the contentions of the parties in this sense, the trial court properly declined to give the requested special jury instruction, or to "state, summarize or recapitulate the evidence." *Id.*

While the trial court did not give the instruction in the exact language as requested, the court did properly instruct the jury on its substance. Both parties extensively litigated and argued the voluntarily adopted policies and procedures at trial. All relevant evidence regarding Defendant's policies and procedures was admitted and argued before the jury. The trial court instructed the jury "to consider all the evidence, all contentions arising from that evidence, and the arguments and positions of the attorneys."

If the trial court had instructed the jury with any more specificity, as Plaintiff's special instructions requested, the instructions would have improperly pre-empted or focused the jury's attention, and denied "equal stress to the contentions of each party." *Id.* Plaintiff admitted the employer's policies into evidence, cross-examined the witnesses, and freely argued the purported violations of Defendant's policies by the bartenders to the jury.

The trial court did not err by denying Plaintiff's requested specific wording from the jury instructions. Plaintiff's argument is overruled.

### B. Directed Verdict

Defendant argues, viewing the evidence in the light most favorable to Plaintiff, giving him the benefit of all reasonable inferences to be drawn therefrom and resolving all conflicts in the evidence in his favor, the trial court's ruling that Plaintiff's evidence did not support a claim of negligent supervision as a matter of law was error. We need not reach this issue.

Presuming, *arguendo,* the trial court erred by concluding Plaintiff failed to present sufficient evidence, Plaintiff has failed to show any purported error was prejudicial. An essential element Plaintiff must prove is an employee committed some tortious act proximately causing the injuries. *Waddle v. Sparks*, 331 N.C. 73, 87, 414 S.E.2d 22, 29 (1992) (citation omitted). Here, the jury necessarily found that

Defendant's employee had not been negligent in this matter, by returning a verdict Defendant was not liable on the dram shop claim.

Plaintiff's counsel conceded during oral argument that unless this Court holds the jury verdict must be reversed with a new trial on the dram shop claim due to Plaintiff's assertion of improper jury instructions, his assertion concerning error in the directed verdict on the negligent supervision claim is moot. As we hold there was no error in the jury instructions, there was no reversible error in the trial court's entry of a directed verdict on the negligent supervision claim.

## VI. Conclusion

Plaintiff's proposed special jury instruction would have required the court to "state, summarize or recapitulate the evidence" and highlight specified evidence without the trial court giving "equal stress" to the parties' evidence and contentions. N.C. R. Civ. P. 51(a). The trial court properly denied Plaintiff's request to improperly focus or pre-empt the jury's attention. The jury instructions provided were proper.

Plaintiff cannot show any purported prejudice in the trial court's directed verdict as a result of the jury's verdict on negligence. We find no error in the jury's verdict or the judgment entered thereon. *It is so ordered.*

NO ERROR.

Judges DILLON and BROOK concur.