STATE OF NORTH CAROLINA v. MAXIE RAY BOLTON

No. 755SC768

(Filed 4 February 1976)

1. Criminal Law § 117— testimony by minors — requested instruction on credibility

    In a robbery case in which two minor girls, nine and ten years of age, testified for the State, the trial court did not err in failing to

---

State v. Bolton

---

give defendant's requested instruction that minor children "are legally competent so to testify, but you should in determining the credibility and weight to be given their testimony, consider their age and maturity."

**2. Criminal Law § 122— additional instructions after deliberations begun**

The court's supplementary instructions to the jury after they had deliberated for approximately four hours without reaching a verdict were proper.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 9 April 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 20 January 1976.

In a bill of indictment proper in form, defendant was charged with the armed robbery of Vickie Autry, employee of Zip Mart, Inc., a convenience store on Wrightsville Avenue, in the City of Wilmington. He pled not guilty.

The State presented evidence tending to show:

On 27 January 1975, Ms. Autry was working as assistant manager of the store referred to in the indictment. Shortly after 5:30 p.m. on that day, a man, later identified by Ms. Autry as defendant, entered the store and thereafter brought a pair of gloves to the checkout counter. He then asked for a carton of cigarettes; as Ms. Autry turned to get the cigarettes, the man pointed a pistol at her and demanded the money in the cash drawer. Ms. Autry gave him the money and, pursuant to his order, proceeded to lie on the floor while the robber left. Ms. Autry had seen the man in the store earlier that afternoon.

Very soon after the robbery, two little girls, ages 9 and 10, entered the store and found Ms. Autry lying on the floor. The girls testified that as they were approaching the store, a car occupied by two men sped away from the store parking lot. They identified defendant as the driver of that car.

Defendant presented evidence tending to establish an alibi.

The jury found defendant guilty as charged and from judgment imposing prison sentence of not less than five nor more than seven years, he appealed.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*James J. Wall for defendant appellant.*

State v. Bolton

BRITT, Judge.

[1]  Defendant first assigns as error the failure of the court to give the jury the following requested instruction: "Minor children have testified for the prosecution during this trial. The Court instructs you that they are legally competent so to testify, but you should, in determining the credibility and weight to be given their testimony, consider their age and maturity." We find no merit in the assignment.

It appears to be settled in this jurisdiction that if a specifically requested jury instruction is proper and supported by the evidence, the trial court must give the instruction, at least in substance. *State v. Boyd,* 278 N.C. 682, 180 S.E. 2d 794 (1971); *cf. State v. Hooker,* 243 N.C. 429, 90 S.E. 2d 690 (1956). The question then arises, was the requested instruction "proper" under the evidence in this case?

Defendant does not cite, and our research fails to disclose, any authority from this jurisdiction in support of his contention. He submits that while some states require the instruction when requested, citing *State v. Anderson,* 152 Conn. 196, 205 A. 2d 488 (1964), and *Rosche v. McCoy,* 397 Pa. 615, 156 A. 2d 307 (1959), other states have taken a different view, *Marks v. State,* 63 Wis. 2d 769, 218 N.W. 2d 328 (1974); *Overton v. State,* 230 Ga. 830, 199 S.E. 2d 205 (1973); and *People v. Norred,* 110 Cal. App. 2d 492, 243 P. 2d 126 (1952), *cert. denied,* 344 U.S. 869, 97 L.Ed. 674, 73 S.Ct. 113 (1952).

We think the better reasoning supports our holding—that the requested instruction was not *required* under the evidence in this case. If the instruction were definitely required for a person nine or ten years old, would it be required for one twelve or thirteen years old? If the instruction were required for persons in the early years of life, would it not be necessary to set an arbitrary age in the later years of life when a similar instruction would likewise be required? We feel that the trial judge can more accurately determine those instances when the instruction would be appropriate. It is noted that in this case the trial judge gave the substance of the requested instruction as a contention of defendant.

[2]  Defendant's other assignment of error relates to the court's supplementary instructions to the jury after they had deliberated for approximately four hours without reaching a verdict. We find no merit in this assignment.

The record reveals that the jury deliberated one hour and fifteen minutes before the lunch recess, after which they resumed their deliberations. At 5:10 p.m. they had not agreed upon a verdict, being divided eleven to one. At that point, the trial judge gave the challenged additional instructions, ordered a recess for the night, and the jury resumed its deliberations the next morning at 9:30 a.m. They returned a verdict at 10:20 a.m. following which all jurors were polled and each assented to the verdict of guilty as charged.

Defendant argues that the additional instructions were coercive. While he concedes that the instructions were similar to those approved in *State v. Accor*, 13 N.C. App. 10, 185 S.E. 2d 261 (1971), *aff'd*, 281 N.C. 287, 188 S.E. 2d 332 (1972), he urges that we reconsider our holding in that case. We are not persuaded that *Accor* is other than sound law, therefore, we adhere to its holding.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.