STATE OF NORTH CAROLINA v. FRED M. JENKINS

No. 7715SC912

(Filed 4 April 1978)

**1. Criminal Law § 34.4— evidence of prior offense—admissibility for corroboration**

    In a prosecution for taking indecent liberties with a female under the age of 16, the trial court did not err in allowing testimony by the prosecuting witness concerning a similar incident which occurred two weeks before the alleged crime for which defendant was on trial, since evidence of the independent offense was admissible to corroborate the offense charged.

**2. Criminal Law § 119— child's testimony—requested instruction not given—no error**

    In a prosecution for taking indecent liberties with a female under the age of 16, the trial court was not required to give the jury a precautionary instruc-

tion requested by defendant concerning the testimony of the child prosecuting witness.

**3. Criminal Law § 113.4— failure to define words in jury instructions—no error**

In a prosecution for taking indecent liberties with a female under the age of 16, a violation of G.S. 14-202.1(a), the trial court did not err in failing to define "wilfully," "for the purpose of arousing or gratifying sexual desires," and "lewd and lascivious acts" as those words are used in the statute, since those terms were common enough to be understood by jurors.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 22 June 1977, in Superior Court, ALAMANCE County. Heard in the Court of Appeals 3 March 1978.

Defendant was charged upon a proper bill of indictment with wilfully and feloniously taking immoral, improper, and indecent liberties for the purpose of arousing and gratifying his sexual desires with a female under the age of sixteen years of age. G.S. 14-202.1. A jury found him guilty, and he was sentenced to five years imprisonment.

Defendant appeals.

*Attorney General Edmisten, by Assistant Attorneys General Sandra M. King and Elisha H. Bunting, for the State.*

*John D. Xanthos for the defendant appellant.*

ARNOLD, Judge.

[1] Defendant assigns as error the trial court's admission of testimony, by the prosecuting witness, of an unrelated prior alleged act of misconduct by the defendant. The evidence tended to show that on 19 July 1976, defendant, a forty-nine-year-old man, took the prosecuting witness, an eleven-year-old girl, and his daughter, to a K-Mart to get a cold drink. While his daughter was in the K-Mart, defendant, according to the prosecuting witness, fondled her and exposed himself to her. The evidence about which defendant complains is the testimony of the prosecuting witness of a similar incident which occurred two weeks before the 19 July incident.

Defendant argues the general rule, as stated in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), that in a prosecution for a particular crime, the State may not offer evidence tending to

show that the accused has committed another distinct, independent, or separate offense, even though the offense is of the same nature as the crime charged. Defendant, however, fails to point out those cases in which evidence of such independent offenses has been held competent on the ground that it corroborates the offense charged. In *State v. Browder*, 252 N.C. 35, 112 S.E. 2d 728 (1960), for example, our Supreme Court held that, in a prosecution for carnal knowledge of a female child under twelve years old, evidence of prior acts of intercourse between the defendant and the prosecuting witness was properly admitted in corroboration of the offense charged. *See also Gasque v. State*, 271 N.C. 323, 156 S.E. 2d 740 (1967). While the present case does not involve the crime of rape, the offense charged is sufficiently analogous to warrant the exception to the rule that evidence of independent offenses is not admissible. Defendant's argument, therefore, does not prevail.

[2] A second question presented by this appeal is whether the trial judge must give a requested precautionary instruction concerning the testimony of the child prosecuting witness. The defendant requested the following instruction:

> "Respecting the testimony of . . . [prosecutrix], you are instructed that her testimony must be carefully scrutinized and cautiously examined. You should take into consideration her power of observation, susceptibility and suggestibility. You are cautioned that children of her age are most susceptible to influence and suggestion and are more prone to imagination than are adults."

It is settled in this jurisdiction that if a specifically requested jury instruction is proper and is supported by the evidence, the trial court must give the instruction, at least in substance. *State v. Bolton*, 28 N.C. App. 497, 221 S.E. 2d 747 (1976). The question then arises as to whether the requested instruction was proper under the evidence of this case. Under *State v. Bolton, supra*, that question is for the trial judge since he "can more accurately determine those instances when the instruction would be appropriate." *Id.* at 499, 221 S.E. 2d at 748. We find no abuse of the trial court's discretion in refusing defendant's requested instructions.

[3]  Finally, we consider defendant's argument that the trial court erred in insufficiently defining for the jury the essential elements of G.S. 14-202.1(a) which reads as follows:

> "(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
>> "(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>>
>> "(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years."

Defendant argues that the judge should have defined "wilfully," "for the purpose of arousing or gratifying sexual desires," and "lewd and lascivious acts." We do not agree. These terms are common enough to be understood by jurors who are presumed to understand the meaning of English words as they ordinarily are used. *State v. Withers*, 2 N.C. App. 201, 162 S.E. 2d 638 (1968). *See also State v. Davenport*, 225 N.C. 13, 33 S.E. 2d 136 (1945), where our Supreme Court, in holding the judge did not err in not defining "lewdly and lasciviously" in an adultery prosecution, stated:

> "In many instances, of course, the law cannot be regarded as self-explanatory in all particulars, and judicial interpretation becomes a requirement of the law. G.S. 1-180. What situations demand an explanation of the law through proper instruction to the jury without special prayer, and what explanations may be regarded as matters of subordinate elaboration, must be referred to the history of the subject as developed in our Reports, rather than to any fixed rule. New situations must be dealt with as they arise. We can only say here that the statute itself employs simple and understandable terms which directly define the offense, and we think the instruction was comprehensible."

*Id.* at 17, 33 S.E. 2d at 139.

Defendant's other assignments of error have been considered. We find in the trial

No error.

Judges PARKER and MARTIN concur.