STATE OF NORTH CAROLINA v. GAINES LEE FORD

No. 13

(Filed 16 March 1979)

1. Criminal Law § 122.1— jury request for review of evidence

The decision whether to grant or refuse the jury's request for a restatement of the evidence lies within the discretion of the trial court.

2. Criminal Law § 175— refusal to act on discretionary matter—appellate review

When the exercise of a discretionary power of the court is refused on the ground that the matter is not one in which the court is permitted to act, the ruling of the court is reviewable.

3. Criminal Law § 122.1— denial of jury request to review evidence—misapprehension of law—absence of prejudice

While the trial judge's ruling that he was not permitted to review the evidence after the jury had begun its deliberations was based on a misapprehension of the law, defendant was not prejudiced by the judge's denial of the jury's request to review evidence as to the dates and times when defendant and an accomplice were picked up and signed rights forms where the requested evidence was, for the most part, conflicting, inconclusive or not in the record, and any attempt to review such evidence would likely have raised more questions than it would have answered.

APPEAL by defendant from *Battle, J.,* 22 May 1978 Criminal Session, CUMBERLAND Superior Court.

Defendant was charged in a bill of indictment, proper in form, with burglary in the first degree and robbery with firearms.

The witness Jimmie D. Beck in summary testified that on 30 December 1977, he had obtained a room at Horne's Motor Lodge in Fayetteville, North Carolina. He was in his room at about 10:15 p.m., and when he cracked the door in response to a knock, the door was kicked open, and three black males, one armed with a shotgun, entered the room. By the threatened use of a shotgun, they proceeded to rob him of a CB radio, two rings, a wristwatch, cash, and other personal property. He was tied up, and the three men fled. Beck managed to free himself and call the desk clerk. Police were on the scene in about five minutes and were furnished with a description of the men.

The victim was unable to identify defendant at trial.

On the morning of 6 January 1978, both defendant and State's witness Michael Eugene Barbee were arrested. At about 11:20 a.m. on that day, defendant made a statement to the officers to the effect that he had received a CB radio from Barbee and thereafter sold it to a Mr. Grover Lee. On the same day, Barbee stated to the officers that he, defendant and Larry Felder committed the robbery at Horne's Motor Lodge on 30 December 1977. The record does not disclose the time at which Barbee made his statement.

At trial, Barbee testified to facts which were consistent with the statement made to the police. The State also offered the testimony of police officers which tended to corroborate the testimony of the witnesses Barbee and Beck.

Defendant testified that he was at the home of his sister Patricia Ann Ford on the night of 30 December 1977 where they were illegally selling intoxicants. He did not see Barbee or Felder on that night, and he did not commit the crime of burglary or robbery with firearms on 30 December 1977. He testified that he did see Barbee on the morning of 31 December 1977, at which time Barbee asked him to sell the CB radio for him. Pursuant to this request, he sold the radio to a Mr. Grover Lee. The testimony of

defendant's sister tended to corroborate defendant's testimony as to his whereabouts on the night of 30 December 1977.

The jury returned verdicts of guilty as to each charge, and defendant appealed from judgment imposing a sentence of life imprisonment for first degree burglary and a concurrent sentence of twenty-five years for robbery with firearms.

*Rufus L. Edmisten, Attorney General, by Isaac T. Avery III, Assistant Attorney General, for the State.*

*Fred J. Williams, Assistant Public Defender, for defendant appellant.*

BRANCH, Justice.

By his first assignment of error, defendant contends that the trial judge erred in refusing to review certain evidence at the jury's request after it had begun its deliberation. It appears from the record that after deliberating for several hours, the jury returned to the courtroom whereupon the following exchange took place:

COURT: All right, ladies and gentlemen, I understand you have a question.

FOREMAN: Your Honor, we would like answered — we can't remember which time did each man, Barbee and Ford, sign his rights and on what date was this, and what time did the detectives go out and pick up each man?

COURT: Members of the jury, I'm sorry but we're not allowed to go back in and review the evidence once the case is completed. It is your duty, of course, as best you can to recall all of the evidence that was presented, and I'm sorry, but we really can't help you with that particular matter.

FOREMAN: Thank you, your Honor.

[1, 2] It is well settled in this jurisdiction that the decision whether to grant or refuse the jury's request for a restatement of the evidence lies within the discretion of the trial court. *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978); *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193 (1977), *cert. denied*, 434 U.S. 924; *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976). When the exer-

cise of a discretionary power of the court is refused on the ground that the matter is not one in which the court is permitted to act, the ruling of the court is reviewable. *See, Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972); *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22 (1967).

[3] In instant case, it appears that the trial judge erroneously believed that he was not permitted to review the evidence after the jury had begun its deliberation. We must, therefore, determine whether defendant has been prejudiced by the trial court's ruling which was apparently based on a misapprehension of law.

The jury wanted to know the date and time when Barbee and defendant signed the rights forms and the time the detectives picked up each man. It appears from the record that on 6 January 1978 between 8:30 and 9:00 a.m., two detectives went to Barbee's residence and left "some papers" for Barbee, who was not present. Later that day, Barbee turned himself in at the Law Enforcement Center, signed a rights form and gave a written statement. The record does not indicate, however, the time of these occurrences.

Defendant testified that he was arrested at his house at 8:30 a.m. on 6 January 1978. One of the detectives testified, however, that it was around 10:00 a.m. when the detectives went to defendant's house. Testimony of defendant and a policeman shows that defendant signed a rights form between 11:00 a.m. and noon.

The judge misstated the law when he told the jury that "we're not allowed to go back in and review the evidence once the case is completed . . . ." However, we are of the opinion that the erroneous statement of his reason for refusing to review the evidence was not prejudicial. The requested evidence was, for the most part, conflicting, inconclusive, or not in the record. We note that the trial judge correctly instructed the jury that it was their duty "as best you can to recall all of the evidence that was presented . . . ." It would have been difficult, if not impossible, for the trial judge to review this evidence in a comprehensible manner. Here, any attempt to review such evidence would likely have raised more questions than it would have answered. Thus, defendant has failed to show prejudice resulting from the trial judge's ruling.

---

The only other assignment of error which defendant brings forward and argues in his brief is that the trial judge violated the eighth amendment to the United States Constitution, which prohibits cruel and unusual punishment, by imposing a life sentence upon the jury verdict finding defendant guilty of first degree burglary. We do not agree. This Court has consistently held that when punishment does not exceed the limits fixed by statute, it cannot be classified as cruel and unusual in the constitutional sense. *State v. Pearce*, 296 N.C. 281, 250 S.E. 2d 640 (1979); *State v. Cameron*, 284 N.C. 165, 200 S.E. 2d 186 (1973), *cert. denied*, 418 U.S. 905. Moreover, we expressly held in *State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524 (1976), that the mandatory life sentence for first degree burglary does not constitute cruel and unusual punishment.

We have read and carefully considered the forceful and scholarly arguments advanced by defense counsel. However, we choose to adhere to our holdings that, in the constitutional sense, punishment will not be classified as cruel and unusual when it is within statutory limits. Whether the trial judge should be given latitude in imposing punishment for first degree burglary is a matter for the Legislature.

Our examination of this entire record discloses no error which warrants disturbing the verdict or judgment.

No error.