STATE OF NORTH CAROLINA,
v.
LEVON TODD.
No. COA09-969.
Court of Appeals of North Carolina.
Filed May 4, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Richard G. Sowerby, for the State.
Faith S. Bushnaq for defendant-appellant.

UNPUBLISHED OPINION
ROBERT N. HUNTER, JR., Judge.
Defendant Levon Todd appeals from judgment consistent with a jury verdict finding him guilty of possession with intent to sell and deliver marijuana, and his guilty plea to attaining habitual felon status. For the following reasons, we find no error.
The State's evidence tended to show that on 16 September 2008, Officer Chris Young of the Asheville Police Department was sitting in his vehicle in front of building 28 in the Hillcrest Apartments, owned by the Asheville Housing Authority. The police had recently received complaints about illegal activity in the community. Officer Young, who was the security coordinator for the Asheville Housing Authority's security, was at the Hillcrest Apartments "to sit in the area and be seen." While sitting in his vehicle, Officer Young observed a group of young black men sitting on a power box. Officer Young subsequently saw defendant drive up, park his car, and enter one of the apartment units. When defendant came out several minutes later, he walked in front of the officer's vehicle towards the group of young men at the power box. Officer Young saw defendant hold up a plastic bag which appeared to hold smaller bags containing green vegetable matter. Defendant looked toward the young men and said, "Y'all know y'all want some of this, don't you."
Officer Young exited his vehicle as defendant approached the young men. One of the men sitting on the power box said something to defendant. Defendant turned around and looked at Officer Young, who motioned for defendant to come talk to him. Defendant said, "Me?" and the officer said, "Yes, you." Defendant then turned sideways and dropped the plastic bag, which landed between the legs of one of the young men sitting on the power box. The officer told the young man to open his legs and let the bag drop. The young man complied. Officer Young collected the clear plastic bag, which contained four smaller plastic bags of marijuana. Officer Young had seen narcotics packaged in the same manner on numerous occasions. Defendant repeatedly told the officer that the bag was not his.
After Officer Young called for back-up, he placed defendant under arrest. A search of defendant's person and his vehicle did not produce anything of evidentiary value. Officer Young read defendant his Miranda rights and defendant indicated that he would speak to the officer. When asked about the marijuana, defendant stated, "You know you're doing me on this. I said to them young boys, `Y'all know y'all want to smoke some,' not `buy some.'" The State Bureau of Investigation analyzed the contents of the plastic bag and found it to contain a total of 3.0 grams of marijuana.
Defendant moved to dismiss the charge of possession with intent to sell or deliver at the end of the State's evidence. The trial court denied the motion. Defendant did not present any evidence. Defendant renewed his motion to dismiss and the trial court denied the motion. After the charge conference, the trial court instructed the jury on the offenses of possession with intent to sell and deliver marijuana and possession of marijuana. The jury found defendant guilty of possession with intent to sell and deliver marijuana. Defendant then pled guilty to attaining habitual felon status. The trial court sentenced defendant as an habitual felon to 107 to 138 months' imprisonment. Defendant appeals.
Defendant first contends the trial court erred by denying his motion to dismiss based on insufficiency of the evidence. The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996).
Defendant was charged pursuant to N.C. Gen. Stat. § 90-95(a)(1), which prohibits possession with intent to sell or deliver a controlled substance. The elements of the crime of possession with intent to sell or deliver are: (1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance. N.C. Gen. Stat. § 90-95(a)(1) (2009); State v. Fletcher, 92 N.C. App. 50, 55, 373 S.E.2d 681, 685 (1988). "While intent may be shown by direct evidence, it is often proven by circumstantial evidence from which it may be inferred." State v. Nettles, 170 N.C. App. 100, 105, 612 S.E.2d 172, 175-76, disc. review denied, 359 N.C. 640, 617 S.E.2d 286 (2005). "Based on North Carolina case law, the intent to sell or distribute may be inferred from (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia." Id. at 106, 612 S.E.2d at 176.
Here, the State presented evidence that police observed defendant walk towards the young men, hold up a bag of marijuana, and say, "Y'all know y'all want some of this, don't you." Further, the marijuana was packaged in four individual small clear bags. Thus, we conclude the State also presented sufficient evidence to establish that defendant intended to sell or deliver the cocaine. Accordingly, the trial court properly denied defendant's motion to dismiss the charge of possession with intent to sell or deliver marijuana.
Defendant also contends the trial court erred in denying his request to instruct the jury that transfer of fewer than five grams of marijuana for no remuneration does not constitute delivery. During the initial charge conference, defense counsel noted that the amount of marijuana involved was three grams and that, under N.C. Gen. Stat. § 90-95(b)(2), the transfer of fewer than five grams of marijuana for no remuneration does not constitute "delivery." Defense counsel argued that delivery should be struck because the amount of marijuana involved in the case was less than five grams. After the State and defense counsel discussed the wording of the jury instructions, the trial court announced that it would instruct that the requisite intent on the part of defendant would be "sell and deliver" and not "sell or deliver" as defendant was charged. The trial court stated that it would "note both of your exceptions to the ruling of the Court."
After closing arguments, defense counsel moved to have the "delivery dropped . . . or that the Court add some of the language []  similar to 90-95. . . . And that language is that the transfer of less than five grams of marijuana for no remuneration shall not constitute delivery." The trial court denied the motion. The trial court subsequently instructed the jury on "sell and deliver" as agreed in the initial charge conference, along with other relevant instructions.
A request for special instructions to a jury must be: "(1) In writing, (2) Entitled in the cause, and (3) Signed by counsel submitting them." N.C. Gen. Stat. § 1-181(a) (2009). "Where a requested instruction is not submitted in writing and signed pursuant to [N.C.] G.S. [§] 1-181, it is within the discretion of the [trial] court to give or refuse such instruction." State v. Harris, 67 N.C. App. 97, 102, 312 S.E.2d 541, 544, disc. review denied, appeal dismissed, 311 N.C. 307, 317 S.E.2d 905 (1984). "[W]here `a specifically requested jury instruction is proper and supported by the evidence, the trial court must give the instruction, at least in substance.'" State v. Jones, 337 N.C. 198, 206, 446 S.E.2d 32, 36 (1994) (quoting State v. Ford, 314 N.C. 498, 506, 334 S.E.2d 765, 770 (1985)).
Here, defendant did not tender any written proposed instructions, and therefore, our standard of review is abuse of discretion. If we find the trial court abused its discretion, defendant is entitled to a new trial only if there is a reasonable possibility that, had the abuse of discretion not occurred, a different result would have been reached at trial. See N.C. Gen. Stat. § 15A-1443(a) (2009).
Assuming arguendo the trial court abused its discretion by not instructing the jury based upon defendant's requested instructions, its ruling cannot be said to have amounted to an error that was so fundamental as to result in a miscarriage of justice, or that it had a probable impact on the jury's finding of guilt. Here, the trial court instructed the jury on "sell and deliver." Having received the instruction regarding intent in the conjunctive, the jury was required to find that defendant intended to sell the marijuana, which requires payment. See State v. Albarty, 238 N.C. 130, 131, 76 S.E.2d 381, 383 (1953) (A sale is a "transfer of goods for a specified price, payable in money."). Because sell requires payment, and the jury was required to find sell, defendant could not have been prejudiced by the trial court's failure to instruct on the transfer of less than five grams of marijuana without remuneration. Defendant's assignment of error is overruled.
No error.
Judges McGEE and GEER concur.
Report per Rule 30(e).